IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIFFANIE SNIDER, individually, and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>HEARTLAND BEEF, INC., an Indiana corporation,<br><br>    *Defendant*. | No. 1:19-cv-07386 |

## NOTICE OF REMOVAL

Heartland Beef, Inc. ("Heartland"), Defendant, hereby removes this putative class action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. This Court has jurisdiction under both the regular diversity jurisdiction statute and the Class Action Fairness Act ("CAFA") because (1) complete diversity exists between the plaintiff and the defendant and the amount in controversy exceeds $75,000, and (2) minimal diversity exists and the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1441, 1446, 1332, and 1453(b). Removal is timely under 28 U.S.C. § 1446(b)(3).

I.   **OVERVIEW OF CLAIMS ASSERTED AND RELIEF SOUGHT**

Plaintiff Tiffanie Snider alleges that Heartland required its employees to use a finger scan to punch in and out of work in a manner that violated the Illinois Biometric Information Privacy Act ("BIPA," 740 ILCS 14/1, *et seq.*). (*See, e.g.*, Compl. ¶¶ 29-32, attached as part of Exhibit A.) Plaintiff sues under BIPA on behalf of herself and a

putative class. (*See* Ex. A, which contains "a copy of all process, pleadings, and orders served upon" Heartland as required by 28 U.S.C. § 1446(a)). Plaintiff alleges Heartland failed to inform Plaintiff that her biometric identifiers and information would be collected or stored; failed to inform Plaintiff of the specific purpose and length of time for which her biometric identifiers and information were being collected, stored, and used; failed to obtain a written release from Plaintiff authorizing collection, capture, receipt through trade or other obtainment and use of Plaintiff's biometric identifiers or information; and failed and continues to fail to establish and maintain a written policy and publicly-available retention schedule regarding Plaintiff's biometric information. (*Id.* at ¶¶ 42–45.)

Plaintiff defines the putative class as "All citizens of Illinois who have had their fingerprints collected, captured, received, or otherwise obtained by Heartland Beef in Illinois." (*Id.* at ¶ 34.) Plaintiff seeks as relief, among other things, "statutory damages of $1,000 for each negligent violation of BIPA and $5,000 for each violation found to be willful or reckless, plus their attorneys' fees and costs." (*Id.* at ¶ 7.)

## II.   REMOVAL IS PROPER UNDER 28 U.S.C. § 1332.

This Court has original jurisdiction over this matter because it is a civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the plaintiff and the defendant are "citizens of different States...." 28 U.S.C. § 1332(a)(1). This Court also has jurisdiction under CAFA because this is a purported "class action," (Compl. at ¶¶ 34–38), in which (A) minimal diversity exists; and (B) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(1)(B) (defining "class action" to include state law class actions); 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy

2

exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"); and 1446 (permitting removal).

### A. Diversity

Complete diversity exists here because the Plaintiff is a citizen of Illinois, while Heartland is a citizen of Indiana. (Compl. at ¶ 8.) Heartland is an Indiana corporation that has its principal place of business in Bloomington, Indiana. (*See* Decl. of Jennifer Flynn, ¶ 2, attached as Exhibit B); *see also* 28 U.S.C. § 1332(c)(1) (deeming a corporation a citizen of both the state "where it has its principal place of business" and its state of incorporation). Likewise, under CAFA, minimal diversity exists because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

### B. Amount in Controversy

The amount in controversy for the Plaintiff's claim exceeds $75,000. Plaintiff alleges that "when Heartland Beef's Illinois employees begin their employment, Heartland Beef requires them to scan their fingerprints into an employee database." (Compl. at ¶ 3). According to her Complaint, the Plaintiff worked for Heartland from April 2017 to December 2018, and "every time Plaintiff clocked in or out of a shift or break, or made a sale to a customer, Heartland Beef captured, collected or otherwise obtained Plaintiff's biometric identifier." (Compl. at ¶¶ 28-29.) Plaintiff further alleges that such collection of her biometric identifier violated several distinct provisions of BIPA. (*Id.* at ¶¶ 30-33.) According to Heartland's records, Plaintiff clocked in for work no fewer than 88 times for the period from August 3, 2018 to December 4, 2018. (*See* Ex. B at ¶ 3.) If, as she alleges, she clocked in each of those times using her fingerprint and each instance

constitutes a violation of BIPA, (Compl. at ¶¶ 19, 46), that would amount to at least 88 BIPA violations, resulting in at least $88,000 in statutory damages.

Similarly, CAFA's amount in controversy requirement is also satisfied here because the amount in controversy for the entire class "exceeds the sum or value of $5,000,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(d)(2). The complaint alleges that each class member is entitled to statutory damages of up to $5,000 for the alleged BIPA violations (Compl. at ¶ 7), and CAFA requires "the claims of the individual [purported class] members [to] be aggregated." 28 U.S.C. § 1332(d)(6). As written, the complaint appears to allege violations of no fewer than four different subparts of BIPA's Section 15. (Compl. at ¶ 42 (alleging violation of Section 15(b)(1)), ¶ 43 (15(b)(2)), ¶ 44 (15(b)(3)), ¶ 45 (15(a)). While the statute of limitations applicable to BIPA claims has not been addressed by any appellate court, some Cook County Circuit Court judges have held that it is five years.[1] Assuming, *arguendo*, that five years is the correct limitations period, in the five years before the Complaint was filed, Heartland employed 1,085 people in Illinois. (*See* Ex. B at ¶ 4.) Assuming Plaintiff's allegations to be true, the product of just one violation for each of the 1,085 employees and $5,000 in statutory damages for four categories of alleged BIPA violations (1,085 x $1,000, x 4) yields an amount in controversy of $21,700,000—well over the $5 million requirement of CAFA.

---

[1] *Robertson v. Hostmark*, No. 18 CH 5194 (Cook County July 31, 2019); *Chavez v. Temperature Equipment Corp.*, No. 19 CH 2538 (Cook County Sept. 11, 2019); *Roach v. Walmart*, No. 19 CH 1107 (Cook County Oct. 25, 2019).

### III.  THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.

This notice is timely. A notice of removal must be filed within 30 days of service. 28 U.S.C. § 1446(b). Heartland was served on October 8, 2019. *See* Ex. A. Counting forward 30 days comes to Thursday, November 7, 2019.

Heartland is today filing this notice with the Circuit Court of Cook County, along with an executed copy of the Notice of Filing Notice of Removal attached hereto as Exhibit C. Heartland is also today serving those filings on all parties. 28 U.S.C. § 1446(d).

Dated:  November 7, 2019

Respectfully submitted,

HEARTLAND BEEF, INC.

By: */s/ Matthew C. Wolfe*

Gary M. Miller
Matthew C. Wolfe
**SHOOK, HARDY & BACON L.L.P.**
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel:  (312) 704-7700
Fax:  (312) 558-1195
Firm No. 58950
gmiller@shb.com
mwolfe@shb.com

Brian S. Jones
**BOSE MCKINNEY & EVANS LLP**
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
Tel:  (317) 684-5000
b.jones@boselaw.com

**ATTORNEYS FOR DEFENDANT
HEARTLAND BEEF, INC.**

**CERTIFICATE OF SERVICE**

I, Matthew C. Wolfe, an attorney, hereby certify that on **November 7, 2019**, I caused a true and correct copy of **NOTICE OF REMOVAL** to be served by electronic mail on counsel of record in *Tiffanie Snider, et al. v. Heartland Beef, Inc.*, Case No. 2019CH11517, in the Circuit Court of Cook County, addressed as follows:

>  Ashley C. Keller
>  Travis D. Lenkner
>  J. Dominick Larry
>  Alex J. Dravillas
>  KELLER LENKNER LLC
>  150 North Riverside Plaza
>  Suite 4270
>  Chicago, IL  60606
>  (312) 741-5220
>  ack@kellerlenkner.com
>  tdl@kellerlenkner.com
>  nl@kellerlenkner.com
>  ajd@kellerlenkner.com

**ATTORNEYS FOR TIFFANIE SNIDER**

   /s/ Matthew C. Wolfe