# EXHIBIT A

Chancery Division Civil Cover Sheet
General Chancery Section

04026-JEH    #12-Person Jury    1/07/19    Page 2 of 22
(5/26/16) CCCH 0623

Return Date: No return date scheduled
Hearing Date: 2/6/2020 10:00 AM - 10:00 AM
Courtroom Number: 2601
Location: District 1 Court
    Cook County, IL

FILED DATE: 10/4/2019 2:53 PM    2019CH11517

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

FILED
10/4/2019 2:53 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH11517

6842055

TIFFANIE SNIDER, individually and on behalf of all others similarly situated

_____
                              Plaintiff

v.

HEARTLAND BEEF, INC., an Indiana corporation

_____
                              Defendant

No. _____

2019CH11517

## CHANCERY DIVISION CIVIL COVER SHEET
## GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

0005 ☐ Administrative Review
0001 ☒ Class Action
0002 ☐ Declaratory Judgment
0004 ☐ Injunction

0007 ☐ General Chancery
0010 ☐ Accounting
0011 ☐ Arbitration
0012 ☐ Certiorari
0013 ☐ Dissolution of Corporation
0014 ☐ Dissolution of Partnership
0015 ☐ Equitable Lien
0016 ☐ Interpleader
0017 ☐ Mandamus
0018 ☐ Ne Exeat

0019 ☐ Partition
0020 ☐ Quiet Title
0021 ☐ Quo Warranto
0022 ☐ Redemption Rights
0023 ☐ Reformation of a Contract
0024 ☐ Rescission of a Contract
0025 ☐ Specific Performance
0026 ☐ Trust Construction
       ☐ Other (specify) _____

By: Keller Lenkner LLC
_____
☒ Atty. No.: 63925        ☐ Pro se  99500
Name: J. Dominick Larry
Atty. for: Plaintiff
Address: 150 N. Riverside Plaza, Suite 4270
City/State/Zip: Chicago, IL 60606
Telephone: 312-741-5220
Primary Email: nl@kellerlenkner.com
Secondary Email: ack@kellerlenkner.com
Tertiary Email: docket@kellerlenkner.com

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice from the **Clerk's Office** for this case at this Email address:

_____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

FILED DATE: 10/4/2019 2:53 PM   2019CH11517

Ashley C. Keller
  ack@kellerlenkner.com
Travis D. Lenkner
  tdl@kellerlenkner.com
J. Dominick Larry
  nl@kellerlenkner.com
Alex J. Dravillas
  ajd@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220
Firm No.: 63925

*Attorneys for Plaintiff and the Putative Class*

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| TIFFANIE SNIDER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEARTLAND BEEF, INC., an Indiana corporation,<br><br>Defendant. | Case No.  **2019CH11517**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Tiffanie Snider ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Heartland Beef, Inc. ("Heartland Beef") for violating the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq* ("BIPA"). Plaintiff alleges the following upon personal knowledge as to Plaintiff's own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys:

FILED DATE: 10/4/2019 2:53 PM    2019CH11517

## NATURE OF THE ACTION

1.    Defendant Heartland Beef is an Arby's restaurant franchisee with more than 20 locations located throughout the Midwest, seven of which are in Illinois.

2.    Since 2008, it has been illegal in Illinois to collect an individual's biometric information or identifiers—such as a fingerprint, voiceprint, or faceprint—without the individual's informed, written consent.  740 ILCS 14/15(b).

3.    Despite the substantial privacy risks created by the collection and storage of biometric data, and the decade-old prohibition on collecting and retaining biometric data in Illinois without informed consent, Heartland Beef uses a biometric time-tracking system that requires employees to use fingerprint scans as a means of authentication each time they start or stop working.  When Heartland Beef's Illinois employees begin their employment, Heartland Beef requires them to scan their fingerprints into an employee database.

4.    These scans are not limited to clocking in and out of work; Heartland Beef also subjects employees to a fingerprint scan each time an employee cashes a customer out at a register or any time a manager needs to provide a refund.

5.    Indeed, any time an employee accesses a register, he or she is required to submit to a fingerprint scan.

6.    Heartland Beef's scanning and retention of employees' fingerprints without informed consent is clearly unlawful in Illinois.

7.    Plaintiff brings this Complaint seeking an order (i) declaring that Heartland Beef's conduct violates BIPA, (ii) requiring that Heartland Beef cease the unlawful activities described herein and destroy the biometric data it unlawfully collected, and (iii) awarding Plaintiff and the

FILED DATE: 10/4/2019 2:53 PM    2019CH11517

Class statutory damages of $1,000 for each negligent violation of BIPA and $5,000 for each violation found to be willful or reckless, plus their attorneys' fees and costs.

## PARTIES

8.     Plaintiff Tiffanie Snider is a natural person and a citizen of the State of Illinois residing in McDonough County.

9.     Defendant Heartland Beef is a corporation existing under the laws of the State of Indiana, with its headquarters and principal place of business located in Bloomington, Indiana. Heartland Beef conducts business throughout the State of Illinois.

## JURISDICTION AND VENUE

10.     This Court has personal jurisdiction over Heartland Beef because it is registered to conduct and does conduct substantial business in Illinois, and this lawsuit arises out of acts and omissions which occurred in Illinois.

11.     Venue is proper in Cook County because Heartland Beef conducts business in Illinois, Plaintiff's cause of action arises in substantial part from conduct that took place in Illinois, and no defendant is a resident of Illinois.  735 ILCS 5/2-101.

## COMMON FACTUAL ALLEGATIONS

### *The Biometric Information Privacy Act*

12.     Enacted in 2008, the Biometric Information Privacy Act regulates two types of biometric data.  First, BIPA regulates any "biometric identifier," which means "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry," and specifically excludes a lengthy list of specific identifiers.  740 ILCS 14/10.  Second, it regulates any "biometric information," which "means any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual."  *Id.*  Biometric information

FILED DATE: 10/4/2019 2:53 PM    2019CH11517

"does not include information derived from items or procedures excluded under the definition of biometric identifiers." *Id.*

13.    BIPA regulates the entire life cycle of biometric data, from capture and collection to use and disclosure.

14.    As to the origination of biometric data, BIPA provides that "[n]o private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first: (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative." 714 ILCS 14/15(b).

15.    BIPA likewise restricts the disclosure of biometric data, providing that "[n]o private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless: (1) the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or redisclosure; (2) the disclosure or redisclosure completes a financial transaction requested or authorized by the subject of the biometric identifier or biometric information or the subject's legally authorized representative; (3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or (4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction." 740 ILCS 14/15(d).

FILED DATE: 10/4/2019 2:53 PM     2019CH11517

16.    When it comes to exploiting biometric data, BIPA creates even stricter proscriptions.  Reflecting an intent to preclude the formation of a market for biometric data, BIPA provides without exception that "[n]o private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information."  740 ILCS 14/15/(c).

17.    To facilitate the informed notice and consent provisions described above, BIPA also requires that any private entity in possession of biometric identifiers or information must publish a written policy "establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first."  740 ILCS 14/15(a).

18.    Finally, given the persistent nature of biometric data and the increased risks that accompany their misuse, BIPA requires that any entity possessing biometric identifiers or information "(1) store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry; and (2) store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information."  740 ILCS 14/15(e).

19.    To remedy the serious but often intangible harms that accompany invasions of biometric privacy rights, BIPA creates a private right of action authorizing "[a]ny person aggrieved by a violation of" the statute to sue and recover for each violation liquidated damages of $1,000, or $5,000 in the event of an intentional or reckless violation, plus attorneys' fees, costs, and appropriate injunctive relief.  740 ILCS 14/20.

FILED DATE: 10/4/2019 2:53 PM   2019CH11517

### *Heartland Beef's Disregard for Employee Privacy*

20.     Despite the recognized danger of using biometric data, Heartland Beef uses a time-tracking system that requires employees to use their fingerprints as a means of authentication. Unlike a traditional timeclock, employees are required to use their fingerprints to "punch" in and out of work, and for rest and meal breaks.

21.     When employees use the point-of-sale ("POS") system at Heartland Beef's restaurant locations, they are again subjected to fingerprint scans in order to access registers and conduct transactions with customers.

22.     Heartland Beef fails to inform its employees of the extent and purposes for which it collects their biometric data and whether the data is disclosed to third parties.

23.     Heartland Beef similarly fails to maintain a written, publicly available policy identifying its retention schedule for biometric data or providing guidelines for permanently destroying its employees' fingerprints when the initial purpose for collecting or obtaining the employees' fingerprints is no longer relevant, as required by BIPA.  An employee who leaves the company does so without any knowledge of when his or her biometric identifiers will be removed from Heartland Beef's databases, if ever.

24.     Heartland Beef's employees are likewise never told what might happen to their biometric data were Heartland Beef ever to close an individual restaurant or go out of business altogether.

25.     Because Heartland Beef neither publishes a BIPA-mandated data-retention policy nor discloses the purposes for which it collects biometric data, Heartland Beef employees have no idea whether Heartland Beef sells, discloses, or otherwise disseminates their biometric data.  Nor are Plaintiff and the putative Class told to whom Heartland Beef discloses their biometric data, or

what might happen to their biometric data were Heartland Beef to merge with another firm or go bankrupt.

26.     On top of its failure to notify employees and the public of the basics of its collection, use, retention, and protection of biometric data, Heartland Beef fails to obtain the written release required by BIPA before collecting its employees' biometric data.

27.     Heartland Beef's failure to publish a biometric data-retention policy or obtain written releases from its employees prior to the collection of their fingerprints violates BIPA.

## FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF

28.     Plaintiff Tiffanie Snider is a former employee of a restaurant operated by Heartland Beef located at 1690 E. Jackson Street, Suite F, in Macomb, Illinois 61455.  Plaintiff was employed at that location from on or about April 24, 2017 to December 4, 2018.

29.     Heartland Beef required Plaintiff to use fingerprint-based timekeeping and POS systems.  Thus, every time Plaintiff clocked in or out of a shift or break, or made a sale to a customer, Heartland Beef captured, collected, or otherwise obtained Plaintiff's biometric identifier.

30.     Heartland Beef never informed Plaintiff of the specific purposes or length of time for which it collected, stored, and used Plaintiff's fingerprints.

31.     Heartland Beef did not obtain a written release authorizing the collection, capture, other obtainment, or subsequent disclosure of Plaintiff's biometric identifier.

32.     Heartland Beef does not make publicly available, and has not made publicly available, any biometric data-retention policy, nor has Heartland Beef informed Plaintiff whether it will ever permanently delete Plaintiff's fingerprints.

33.     Plaintiff has continuously and repeatedly been exposed to the harms and risks created by Heartland Beef's violations of BIPA.

FILED DATE: 10/4/2019 2:53 PM     2019CH11517

FILED DATE: 10/4/2019 2:53 PM    2019CH11517

## CLASS ALLEGATIONS

34.    Plaintiff brings this action individually and on behalf of the following class (collectively, "the Class") pursuant to 735 ILCS 5/2-801:

> All citizens of Illinois who have had their fingerprints collected, captured, received, or otherwise obtained by Heartland Beef in Illinois.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

35.    **Numerosity**: The exact number of Class members is unknown to Plaintiff at this time, but it is clear that individual joinder is impracticable.  Heartland Beef has collected, captured, received, or otherwise obtained biometric identifiers or biometric information from dozens of individuals within the Class definition.  The exact number of Class members can be easily determined from Heartland Beef's records.

36.    **Commonality and Predominance**: Questions of law and fact common to the claims of Plaintiff and the Class predominate over any questions that may affect individual members.  Those common questions include:

a.    Whether Heartland Beef collected or captured the Class members' biometric identifiers or information;

b.    Whether Heartland Beef maintained a publicly available retention schedule for biometric identifiers or information;

FILED DATE: 10/4/2019 2:53 PM     2019CH11517

c.     Whether Heartland Beef informed the Class members that it would collect or capture the Class members' biometric identifiers or information;

d.     Whether Heartland Beef informed the Class members of the purpose for which it would collect their biometric identifiers or information, or the duration for which it would retain that data; and

e.     Whether Heartland Beef obtained the written release required by BIPA to collect or capture, use, and store the Class members' biometric identifiers or information.

37.     **Fair and Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained competent counsel experienced in complex litigation and class actions under BIPA specifically.  Plaintiff has no interests antagonistic to those of the Class, and Heartland Beef has no defenses unique to Plaintiff.  Plaintiff and proposed Class Counsel are committed to vigorously prosecuting this action on behalf of the Class members and have the resources to do so.

38.     **Appropriateness**: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, and joinder of the Class members is otherwise impracticable.  The damages suffered by the individual Class members are small relative to the burden and cost of individual litigation, and individual litigation is therefore infeasible.  Even if Class members could sustain individual litigation, it would increase the delay and expense to all parties relative to a class action because of the factual issues raised by the Complaint.  A class action presents fewer manageability difficulties and provides economies of scale and uniformity of decisions.

### FIRST CAUSE OF ACTION
### Violation of 740 ILCS 14/15
### On Behalf of Plaintiff and the Class

39.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

40.     Defendant Heartland Beef is an Illinois corporation and is therefore a "private entity" under 740 ILCS 14/10.

9

FILED DATE: 10/4/2019 2:53 PM    2019CH11517

41.     Every time Plaintiff and the Class clocked in or out for a shift or break, Heartland Beef obtained a scan of their fingerprints.  Every time Plaintiff and the Class accessed a restaurant POS system to conduct a consumer transaction, Heartland Beef obtained a scan of their fingerprints.  Those scans mapped the geometry of Plaintiff's and the Class members' fingers, and Heartland Beef used that geometry to identify them as they clocked in and out of work or made a sale.  Heartland Beef therefore collected, captured, received through trade, or otherwise obtained Plaintiff's and the Class members' biometric identifiers and biometric information.

42.     Prior to collecting, capturing, receiving through trade, or otherwise obtaining Plaintiff's and the Class members' biometric identifiers and biometric information, Heartland Beef did not inform Plaintiff or the Class members or their legally authorized representatives that their biometric identifiers and information would be collected or stored.

43.     Prior to collecting, capturing, receiving through trade, or otherwise obtaining Plaintiff's and the Class members' biometric identifiers and biometric information, Heartland Beef did not inform Plaintiff or the Class members or their legally authorized representatives of the specific purpose and length of time for which their biometric identifiers and information were being collected, stored, and used.

44.     Prior to collecting, capturing, receiving through trade, or otherwise obtaining Plaintiff's and the Class members' biometric identifiers and biometric information, Heartland Beef did not receive a written release from Plaintiff and the Class members or their legally authorized representatives authorizing the collection, capture, receipt through trade, or other obtainment and use of their biometric identifiers or information.

45.     Despite collecting Plaintiff's and the Class members' biometric identifiers and biometric information, Heartland Beef failed and continues to fail to maintain a written policy,

made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of the individual's last interaction with the private entity, whichever comes first.

46.     By capturing and collecting, storing, using, and/or disclosing Plaintiff's and the Class members' biometric identifiers and information as described herein, Heartland Beef violated Plaintiff's and the Class members' rights to privacy and property in their biometric data under BIPA.

<b>PRAYER FOR RELIEF</b>

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully request that this Court enter an order:

A.     Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing Plaintiff's lawyers as Class Counsel;

B.     Declaring that Heartland Beef's actions, as described above, violate 740 ILCS 14/15;

C.     Awarding liquidated damages under 740 ILCS 14/20 of $1,000 for each negligent violation of BIPA and $5,000 for each violation found to be willful or reckless;

D.     Awarding injunctive and other equitable relief as necessary to protect the Class, including an order requiring Heartland Beef to stop its unlawful collection of biometric data and to delete any such data that was unlawfully obtained;

E.     Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

FILED DATE: 10/4/2019 2:53 PM   2019CH11517

FILED DATE: 10/4/2019 2:53 PM    2019CH11517

F.    Awarding Plaintiff and the Class pre- and post-judgment interest; and

G.    Awarding such other and further relief as equity and justice may require.

**JURY TRIAL**

Plaintiff demands a trial by jury for all issues so triable.

Date: October 4, 2019                    **TIFFANIE SNIDER,** individually and on behalf of
                                         all others similarly situated,


                                         s/ J. Dominick Larry
                                         _____
                                               One of Plaintiff's Attorneys

                                         Ashley C. Keller
                                           ack@kellerlenkner.com
                                         Travis D. Lenkner
                                           tdl@kellerlenkner.com
                                         J. Dominick Larry
                                           nl@kellerlenkner.com
                                         Alex J. Dravillas
                                           ajd@kellerlenkner.com
                                         KELLER LENKNER LLC
                                         150 N. Riverside Plaza, Suite 4270
                                         Chicago, Illinois 60606
                                         (312) 741-5220
                                         Firm No.: 63925

Return Date: No return date scheduled
Hearing Date: 2/6/2020 10:00 AM - 10:00 AM
Courtroom Number: 2601
Location: District 1 Court
        Cook County, IL

FILED
10/4/2019 2:53 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH11517

6842055

FILED DATE: 10/4/2019 2:53 PM  2019CH11517

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons                                                  (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

TIFFANIE SNIDER, individually and on

behalf of all others similarly situated

Case No. **2019CH11517**

HEARTLAND BEEF, INC., an Indiana Corp.

### ☑ SUMMONS   ☐ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

**Summons - Alias Summons**                    (08/01/18) CCG 0001 B

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.**

Atty. No.: _____

Atty Name: _____

Atty. for: _____

Address: _____

City: _____

State: _____  Zip: _____

Telephone: _____

Primary Email: _____

Witness: _____

10/4/2019 2:53 PM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with
Defendant or other person):

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 3

FILED DATE: 10/4/2019 2:53 PM  2019CH11517

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

◉ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 10/4/2019 2:53 PM   2019CH11517

FILED
10/15/2019 9:02 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH11517

6953421

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

TIFFANIE SNIDER, individually and on behalf of all others similarly situated,

     Plaintiff,

  v.

HEARTLAND BEEF, INC., an Indiana corporation,

     Defendant.

Case No. 2019 CH 11517

Hon. Raymond W. Mitchell

## PROOF OF SERVICE

In compliance with Illinois Supreme Court Rule 102(d) and Section 1-109 of the Code of Civil Procedure, I hereby certify that copies of the Plaintiff's Class Action Complaint were served upon Defendant Heartland Beef, Inc. on October 8, 2019 through its registered agent, as described in the attached certificate of service.

Date: October 15, 2019

TIFFANIE SNIDER, individually and on behalf of all others similarly situated,

s/ J. Dominick Larry
   One of Plaintiff's Attorneys

Ashley C. Keller
 ack@kellerlenkner.com
Travis D. Lenkner
 tdl@kellerlenkner.com
J. Dominick Larry
 nl@kellerlenkner.com
Alex J. Dravillas
 ajd@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220
Firm No.: 63925

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**TIFFANIE SNIDER, individually and on
behalf of all others similarly situated**

*Plaintiff(s) / Petitioner(s)*

vs.

**Case No.: 2019CH11517**

**HEARTLAND BEEF, INC., an Indiana corporation**

*Defendant(s) / Respondent(s)*

## AFFIDAVIT OF SERVICE

I, Ryan Fortune, being duly sworn, state:

I am over the age of 18 and not a party to this action.

I served the following documents on Heartland Beef, Inc. in Marion County, IN on October 8, 2019 at 11:26am at Bose McKinney & Evans, LLP, 111 Monument Circle, Suite 2700, Indianapolis, IN 46204 c/o Registered Agent Gary Chapman, by leaving the documents with Heather Litz who as Receptionist is authorized by appointment or by law to receive service of process for Registered Agent Gary Chapman on behalf of Heartland Beef, Inc.

Summons; Class Action Complaint and Demand for Jury Trial; Chancery Division Civil Cover Sheet/General Chancery Section.

Additional Service Description:
Registered Agent Gary Chapman was not available but the Receptionist Heather Litz stated that she was willing and authorized to accept service on his behalf.

Description: White Female, Est. Age 35, Glasses: Yes, Brown Hair, 180 lbs to 200 lbs, 5' to 5' 3".

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

_____        10/08/2019
Signature                               Date
Ryan Fortune
PROOF-Indiana
(317) 345-7351

Subscribed and affirmed, or sworn to before me in the County of Johnson, State of Indiana,

this 8th day of October, 2019.

My Commission Expires: March 18, 2026

Notary Public _____



AMY LYNN FORTUNE
Notary Public, State of Indiana
Johnson County
Commission # 711595
My Commission Expires
March 18, 2026

Return Date: No return date scheduled
Hearing Date: 2/6/2020 10:00 AM - 10:00 AM
Courtroom Number: 2601
Location: District 1 Court
        Cook County, IL

FILED
10/4/2019 2:53 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH11517

6842055

2120 - Served              2121 - Served
2220 - Not Served      2221 - Not Served
2320 - Served By Mail   2321 - Served By Mail
2420 - Served By Publication 2421 - Served By Publication
Summons - Alias Summons              (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

TIFFANIE SNIDER, individually and on
behalf of all others similarly situated

Case No. 2019CH11517

HEARTLAND BEEF, INC., an Indiana Corp.

☑ **SUMMONS** ☐ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

**Summons - Alias Summons**                                    (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions.  To e-file, you must first create an account with an e-filing service provider.  Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.  If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

10/4/2019 2:53 PM DOROTHY BROWN

Witness: _____

Atty. No.: _____

Atty Name: _____

Atty. for: _____       _____

Address: _____       DOROTHY BROWN, Clerk of Court

City: _____       Date of Service: _____
                                               (To be inserted by officer on copy left with
State: _____  Zip: _____                  Defendant or other person):

Telephone: _____

Primary Email: _____

# CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

## Daley Center Divisions/Departments

- Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

- Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

- Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

- Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

- Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

- County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

- Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

- Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

- Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**