# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| TIFFANIE SNIDER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEARTLAND BEEF, INC., an Indiana corporation,<br><br>Defendant. | Case No. 4:20-cv-04026-SLD-JEH<br><br>Case No. 4:20-cv-04272-SLD-JEH<br><br>Hon. Sara Darrow, Chief Judge<br><br>Magistrate Judge Jonathan E. Hawley |

## FINAL ORDER AND JUDGMENT

This matter having come before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (the "Motion"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED:**

1. Unless otherwise noted, all capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement between Tiffanie Snider ("Plaintiff") and Defendant Heartland Beef, Inc. ("Defendant"). Plaintiff and Defendant are collectively referred to herein as the "Parties."

2. This Court has jurisdiction over the subject matter of the Litigation and personal jurisdiction over all parties to the Litigation, including all Settlement Class Members.

3. The Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated August 8, 2022, and the Court finds that adequate notice was given to all members of the Settlement Class pursuant to the terms of the Preliminary Approval Order.

1

4. The Court has read and considered the papers filed in support of this Motion for Final Approval, including the Settlement Agreement and exhibits thereto and supporting declarations.

5. The Court held a Final Approval Hearing on December 12, 2022, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

6. Based on the papers filed with the Court and the presentations made to the Court by the parties and other interested persons at the Final Approval Hearing, the Court now gives final approval to the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class. The fact that the Settlement Agreement is the result of arms-length negotiations presided over by a neutral mediator, further supports this finding.

7. Pursuant to Rule 23, the Court finally certifies, for settlement purposes only, the following Settlement Class:

> All individuals employed by Defendant any time between October 4, 2014 and October 4, 2019 whose biometric identifiers and/or biometric information were captured, collected, obtained, stored, disseminated, transmitted, or used by Defendant within the State of Illinois.

8. There have been no exclusions or opt-outs from the Settlement.

9. For settlement purposes only, the Court confirms the appointment of Plaintiff Tiffanie Snider as Class Representatives of the Settlement Class.

10. For settlement purposes only, the Court confirms the appointment of the following counsel as Class Counsel, and finds they are experienced in class litigation and have adequately represented the Settlement Class:

> Benjamin J. Whiting
> Alex J. Dravillas

      Keller Postman LLC
      150 N. Riverside Plaza, Suite 4100
      Chicago, IL 60606

11. With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class, and those common questions predominate over any questions affecting only individual members; (c) the Class Representative and Class Counsel have fairly and adequately protected, and will continue to fairly and adequately protect, the interests of the Settlement Class; and (d) certification of the Settlement Class is an appropriate method for the fair and efficient adjudication of this controversy.

12. The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Rule 23, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.

13. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The terms of the Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

14. The Court dismisses the Litigation with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff's and all Settlement Class Members' claims against Defendants. The Court adjudges that the Released Claims and all of the claims described in the Settlement Agreement are released against the Released Parties.

15. The Court adjudges that the Plaintiff and all Settlement Class Members who have not opted out of the Settlement Class shall be deemed to have fully, finally, and forever released,

relinquished, and discharged all Released Claims against the Released Parties, as defined under the Settlement Agreement.

16. The Released Claims specifically extend to claims that Plaintiff and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement Agreement, and the releases contained therein, become effective.

17. The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-described release of the Released Claims will be binding on, and have res judicata preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members who did not validly and timely exclude themselves from the Settlement, and their respective affiliates, assigns, heirs, executors, administrators, successors, and agents, as set forth in the Settlement Agreement. The Released Parties may file the Settlement Agreement and/or this Final Order and Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. Plaintiff and Settlement Class Members who did not validly and timely request exclusion from the Settlement are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against any of the Released Parties.

19. The Court approves payment of attorneys' fees, costs and expenses to Class Counsel in the amount of $92,708.30. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the

materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs and expenses and in response to any timely filed objections thereto, finds the award of attorneys' fees, costs and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Class.  Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel.  Third, the Court concludes that the Settlement was negotiated at arms-length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefits for the Settlement Class Members.  Finally, the Court notes that the Class Notice specifically and clearly advised the Settlement Class that Class Counsel would seek an award in the amount sought.

20. The Court approves administrative costs and expenses incurred by the Settlement Administrator in the amount of $9,623.00.

21. The Court approves the incentive award in the amount of $4,000.00 for the Class Representative Tiffanie Snider, and specifically finds such amount to be reasonable in light of the services performed by Plaintiff for the Settlement Class, including taking on the risks of litigation, active engagement in discovery, and helping achieve the results to be made available to the Settlement Class.  This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

22. Neither this Final Order and Judgment, nor the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendant or any of the Releasees of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims. This Final Order and Judgment is not a finding of the validity or invalidity of any claims in this Litigation or a

determination of any wrongdoing by Defendant or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any position, opinion, or determination of this Court, one way or another, as to the merits of the claims or defenses of Plaintiff, the Settlement Class Members, or Defendant.

23. Any objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no reason exists for delay in entering this Final Order and Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Order and Judgment.

24. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Order and Judgment and do not limit the rights of the Settlement Class Members.

**IT IS SO ORDERED.**

ENTERED: 12/12/2022

Hon. Jonathan E. Hawley
Magistrate Judge